RUSH MONTGOMERY v. THE STATE.

No. 21906. Delivered February 24, 1943.
Rehearing Denied May 5, 1943.

The opinion states the case.

*Mays & Mays,* of Fort Worth, and *John D. McComb,* of Jacksboro, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is a conviction for false imprisonment, under the provisions of Art. 1169, P. C., the punishment assessed being a fine of $25.00.

The pertinent provisions of the indictment charged that appellant, in Tarrant County, "did *W*illfully detain L. B. Newman, against his consent, and without authority of law, and did then and there commit an assault upon the person of the said L. B. Newman, and did then and there by said assault, and by actual violence to the person of the said L. B. Newman, and by threats, wilfully detain and restrain the said L. B. Newman, from removing from one place to another, as the said L. B. Newman might seem proper, — — — — — — — — — — — — — — — — — — — — — — ."

Upon the return of the indictment in this case in the District Court of Tarrant County, the same was transferred to County Court at Law No. 1 of said county, because, upon the face of the indictment, the offense charged was a misdemeanor. Upon call of the case for trial in the county court, appellant filed his motion, setting up that the offense charged involved official misconduct in that the offense was alleged to have been committed by him while acting in the official capacity of Constable of Jack County, Texas. He prayed that the case be transferred to the district court, which has exclusive jurisdiction over misdemeanors involving official misconduct. The motion was granted and the case was transferred to the district court, where it was tried.

The sole question presented by the appeal is the sufficiency of the evidence to support the conviction.

Newman, the injured party, resided in Plainview, Texas, where he was engaged in the automobile business. Early on the morning of July 25th, 1940, he left his home, traveling by automobile, for Dallas, Texas, to keep a business appointment, and then to continue into the state of Arkansas, to see a friend who was sick. A friend by the name of Tolliver accompanied him. The route followed in making the trip carried them through Jack County. Upon leaving Jack County, they entered Wise County, and soon, after doing so, they heard a "siren" and a car approaching them. Newman stopped his car, whereupon appellant drove up and arrested him for speeding in Jack County. According to Newman's testimony, he told appellant of his business appointment and of his plan to visit the sick friend, and said to appellant: "I'd appreciate if you would let me go on. Give me a ticket and let me come back by and pay my fine on the way back." To this appellant would not agree, nor would he give Newman the notice to appear, as requested, but ordered them to return into Jack County and to "talk to the Judge."

Appellant drove off in his car and directed Newman to follow him, which he did. Newman said that appellant drove so fast he was soon out of their sight, and that, believing that appellant had decided not to go further with the matter, he (Newman) pulled out by the side of the road and waited for a time, and, appellant not having returned, he decided to continue his journey, so he turned around and proceeded to do so. He drove through Wise County and into Tarrant County, when appellant overtook them near the town of Azle. Newman says that, as appellant got out of his car, he (appellant) pulled his pistol and, after cursing and abusing him, struck him with the pistol. Appellant then arrested Newman and carried him back into Jack County, and to the office of the justice of the peace, where Newman plead guilty to the offense of speeding and paid his fine.

Appellant, testifying as a witness in his own behalf, said that he did, as Constable of Precinct No. 2 of Jack County, arrest Newman in Wise County for speeding in Jack County; that he did order Newman to follow him back into Jack County and to the office of the justice of the peace; that, when he discovered that Newman had not followed him, he then filed, in the Justice Court of Precinct No. 2 of Jack County, a complaint charging Newman with violating the speed laws, and caused a warrant to arrest Newman to be issued by reason of the complaint; and that the arrest in Tarrant County was by the authority of such warrant of arrest. Appellant did not deny that, at the time of the first arrest, Newman asked that he be given the notice referred to, but admitted that, at that time, Newman told him that he had a business engagement he wanted to keep.

The subject of arrest and imprisonment of motorists for violations of the laws regulating the rate of speed at which automobiles may be operated over the public highways of this state has received special treatment by the legislature of this state.

In 1917, by Art. 803, P. C., the right was extended to all peace officers of this state to arrest without warrant for violations of such laws.

In 1923, the right of detention or imprisonment after arrest for such violations was expressly limited by the passage of Art. 792, P. C., which reads as follows:

"In case of any person arrested for violation of the preceding articles relating to speed of vehicles, unless such person so arrested shall demand that he be taken forthwith before a court

of competent jurisdiction for an immediate hearing, the arresting officer shall take the license number, name and make of the car, the name and address of the operator or driver thereof, and notify such operator or driver in writing to appear before a designated court of competent jurisdiction at a time and place to be specified in such written notice at least five days subsequent to the date thereof, and upon the promise in writing of such person to appear at such time and place, such officer shall forthwith release such person from custody. Any person wilfully violating such promise, regardless of the disposition of the charge upon which he was originally arrested, shall be fined not less than five nor more than two hundred dollars."

The maximum speed at which automobiles may be lawfully operated has, from time to time, been increased. The last Act of the legislature upon the subject is contained in Chapter 506, Acts Regular Session, 47th Legislature, 1941, effective June 14th, 1941, wherein the maximum speed limit was fixed at sixty miles per hour. Said Act contained the following provision, which is deemed pertinent here, viz.:

"Every charge of a violation of any speed regulation provided for in this Act, also the summons or notice to appear in answer to such charge, shall specify the rate of speed at which the person so charged is alleged to have driven, also the speed limit applicable within the district or at the location shall be set out."

It is thus made to appear that the right to arrest for violations of the speed laws has been extended so as to allow same to be made without a warrant of arrest; but, the right of the arresting officer to detain or to imprison the prisoner after arrest is expressly limited, in that, upon making such an arrest, it becomes the duty of the arresting officer to release the prisoner in accordance with the provisions of said Art. 792, P. C., and as above supplemented. Upon compliance with the provisions of said Article, the prisoner is exempt from further detention or imprisonment under the same charge until the expiration of the five-day period mentioned in said Article.

When appellant arrested Newman in the first instance, he was acting within the authority conferred by law; but, when he required Newman to return with him to the office of the justice of the peace, thereby imprisoning him, he was doing so in violation of the provisions of the statute mentioned. It will be remembered that Newman testified that he asked appellant

to give him the notice required and to permit him to continue his journey. In his testimony, the appellant does not deny that Newman made such request. No other construction, then, can be placed upon appellant's conduct but that, when he refused such request and attempted to require Newman to follow him back to the office of the justice of the peace, he acted arbitrarily and in disregard of the provisions of the statute (Art. 792, P. C.). It seeming to him that Newman had not returned with him, appellant then filed the complaint, charging Newman with the violation of the speed law, and with the offense for which he had first arrested him, and, as a result of his complaint, caused a warrant of arrest to be issued thereon. It is for the arrest and imprisonment under this warrant in Tarrant County that appellant was here convicted. To authorize Newman's imprisonment by appellant under the warrant of arrest issued as a result of the complaint filed by him would, of necessity, under the facts here presented, render nugatory the provisions of the statute mentioned; for, appellant would be doing, indirectly, that which he was prohibited from doing directly under the provisions of the statute mentioned. Appellant being prohibited from imprisoning Newman in the first instance, he could not, by filing the complaint and causing the warrant of arrest to be issued thereunder, escape the effect of the statute mentioned. One may not do indirectly that which he is prohibited from doing directly.

The conclusion is reached that, under the facts here presented, the detention and imprisonment of Newman by appellant was in violation of Art. 792, P. C.

The question that remains to be determined is, therefore, whether the limitation relative to detention and imprisonment contained in Art. 792, P. C., was a valid exercise by the legislature of its powers.

Under our system of government, the legislature of this state has the power and authority to enact any and all laws that to it may seem proper, so long as such laws or their enactment are not prohibited under our State or Federal Constitutions. We have perceived no such constitutional inhibition preventing the legislature's enacting Art. 792, P. C., The courts are not concerned with the wisdom of legislation, this being a matter resting exclusively with the legislature.

It follows that the appellant's imprisonment of Newman at the time and under the circumstances shown was prohibited by law, and that the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant urges that this court by its original opinion is permitting the conviction to stand upon things proven to have occurred in Wise or Jack Counties, and not in Tarrant County, the place of Newman's last detention. We do not so construe the opinion. The things that occurred between appellant and Newman upon the occasion of his first detention are so inseparably connected with the subsequent arrest in Tarrant County as to have been admissible if they threw light upon the question as to whether appellant was guilty of committing an offense in Tarrant County. The evidence as to the occurrences in other counties was so limited in the court's charge.

It is stated in the motion for rehearing: "We desire to expressly call the attention of the Court to the fact that this cause was tried in the trial court by the State, on the theory that Appellant did not have a warrant of arrest at the time the arrest was made; and, secondly, if he did have a warrant of arrest he was guilty of false imprisonment for failure to take said L. B. Newman before the nearest Justice of the Peace."

Whether appellant had a warrant of arrest when he took Newman into custody in Tarrant County, or whether he obtained the warrant after he got back to the justice court with Newman was an issue. There was no complaint of the manner in which the case was submitted to the jury. If the case was tried upon the theory stated by appellant in his motion there is no way for this court to ascertain whether the verdict was based on a finding by the jury that appellant had no warrant of arrest, or upon the fact that he failed to take Newman before a magistrate in Tarrant County and give him opportunity to make bond. That appellant thought the latter question was pertinent is evidenced from a special charge requested by him and given by the court, as follows:

"You are further charged as part of the law in this case that if you find from the evidence, or have a reasonable doubt thereof, that the defendant, Rush Montgomery, had a warrant issued out of the Justice Court of Jack County, Precinct 2, Texas, for one L. B. Newman at the time of his arrest, if any, in Tarrant

County, Texas, and you further find and believe from the evidence or have a reasonable doubt thereof, that the defendant believed that he was authorized to return the said L. B. Newman before the Justice of the Peace of Jack County, Precinct 2, Texas, without first taking the said L. B. Newman before a magistrate in Tarrant County, Texas, you will by your verdict find the defendant not guilty."

It must, of course, be understood that what we said in our original opinion had reference to the facts of this particular case, and was so restricted in the opinion itself.

Believing a correct conclusion was reached originally, appellant's motion for rehearing is overruled.